

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MARSHALL LEON WATKINS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 0:21-03900-MGL |
| | § | |
| SOCIAL SECURITY OFFICE, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLANTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Marshall Leon Watkins (Watkins), proceeding pro se, filed this action against the United States Social Security Administration Office in Rock Hill, South Carolina (Social Security Office). Watkins claims the Social Security Office informed him that he was listed in their records as deceased, which prevented him from receiving a stimulus check. Watkins indicates he brings this action for slander and a violation of his First Amendment rights pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Watkins's amended complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 19, 2022, and the Clerk of Court docketed Watkins's objections to the Report on February 1, 2022. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As noted above, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano*, 687 F.2d at 47; *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding that general objections are insufficient to preserve appellate review). In this case, Watkins made the most general of objections by merely stating:

> I want to make a motion for a[n] appeal of Judge Mr[s]. Paige J. Gossett[']s] decision on 1-19-22[,] and I ask the Court to please send me a free copy of my trial transcript of the case. Thank you. Sign[ed] Mr. Marshall Watkins

Obj. at 1. Watkins was warned of the consequences of failing to file specific objections. Report at 6 ("The parties are advised that they may file specific written objections to this Report , . . . and [o]bjections must specifically identity the portions of the Report . . . to which objections are made and the basis for such objections."). In that Watkins neglected to specify the portions of the Report to which he objected, this Court concludes he has waived appellate review.

Consequently, because Watkins neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Watkins's objections and accepting the Magistrate Judge's recommendation.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Watkins's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Watkins's amended complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 1st day of February 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.